## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PIERRE QUARAN HAMILTON,**

                **Plaintiff,**

      v.                                      **CASE NO. 25-3098-JWL**

**WYANDOTTE COUNTY DISTRICT**
**COURT, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Pierre Quaran Hamilton filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He has been granted leave to proceed in forma pauperis (Doc. 4) and has now paid the initial partial filing fee. Thus, the Court has conducted the statutorily required review of the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein. Plaintiff must also clarify, in writing, his current address. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him. Also before the Court is Plaintiff's motion to appoint counsel (Doc. 3), which will be denied for the reasons set forth below.

### I.    Nature of the Matter before the Court

Plaintiff names as Defendants in this matter the District Court of Wyandotte County, Kansas and Wyandotte County District Judge Jennifer L. Myers. (Doc. 1, p. 1-2.) In the portion of the form complaint for stating the background of the case, Plaintiff has written: "Gross Negligence [and] Criminal Negligence, Strict Liability Violation, Unlawful arrest, false [and/]or wrongful

imprisonment, Legal Process/Due Process Violations; Fourth, Fifth, Sixth, Eighth [and] Fourteenth Amend. Violations, Fair Trial Rights Violation, Habeas Corpus Great Writ Violations [and] Failure to Recuse Violations." *Id.* at 2. The factual background to this case is unclear, but when the complaint and attachments thereto are liberally construed, it appears that Plaintiff contends that his constitutional rights were violated in *Kansas v. Hamilton*, Wyandotte County District Court Case No. 2022-CR-001105, a criminal prosecution of Plaintiff over which Judge Myers presided. (*See* Doc. 1, p. 1-5; Doc. 1-1, p. 48.) The online records of the Wyandotte County District Court reflect that in Case No. 2022-CR-001105, Plaintiff pled no contest to and was convicted of second-degree murder and abuse of an elder. He was sentenced to controlling term of 154 months in prison.

Count I asserts that Plaintiff's Sixth Amendment right to the effective assistance of counsel was violated. (Doc. 1, p. 3.) In the section of the form complaint for stating the facts that support Count I, Plaintiff has written: "See; Habeas Corpus 'Great Writ' provided [and/]or copy of Habeas Corpus 'Great Writ' issues/arguments are 'clearly [and] unequivocally' w[ith] supporting doc's are my supporting facts . . . I have a right to choose/dismiss attorneys. *Note* I am arguing any [and] all constitutional violations in 'Habeas Corpus.'" *Id.* (all errors, ellipses, and asterisks in original).

Attached to the complaint are 55 pages of documents, including—among other things—orders from the Kansas Court of Appeals, filings in and a case summary sheet from Plaintiff's criminal case, an Inmate Balance History Report for dates in 2022 and 2023, and a docket sheet for a prior § 1983 case Plaintiff brought in this Court—*Hamilton v. State of Kansas*, Case No. 24-3037-JWL. (Doc. 1-1.) Although the attachments include a motion asking the state district court "for an order of Enforcement of Habeas Corpus 'Great Writ' Motion [and] Petition/Application

submitted on 3-18-24," a motion for habeas corpus relief does not seem to be attached to the complaint filed in this Court. (*See* Doc. 1-1, p. 10.)

Count II alleges the violation of Plaintiff's Fifth Amendment right to not be compelled to bear witness against himself and his right to due process. (Doc. 1, p. 3.) As the supporting facts for Count II, Plaintiff states: "In Habeas Corpus 'Great Writ' provided theres supporting docs. of (Ordering Restricting Request) by Hon. Myers showing 22 letters used to bare witness against myself. See Habeas Corpus Great Writ provided [and] 'Motion of Limine.'" *Id.* (all errors in original). The reference to 22 letters in the attachments seems to refer to a document located at Doc. 1-1, p. 18. That document is an unlabeled excerpt from an order issued by Judge Myers on August 14, 2023 in Plaintiff's criminal case. When read in full, the order noted in the preceding 6 months, Plaintiff had sent 12 requests for [Registers of Actions, also known as] ROA's to the Wyandotte County District Court clerk's office and had sent 22 "correspondences to the court discussing his case." The order found that Plaintiff's requests had become an abuse of the court and it imposed filing restrictions on future requests for the ROA of the criminal case. *See id.* at 27.

Count III alleges the violation of Plaintiff's rights guaranteed by the Fourteenth Amendment and the Fourth Amendment, based on false and/or wrongful arrest and imprisonment, a denial of due process, and a denial of the rights to a fair trial and a fair and impartial judge. *Id.* at 4. As supporting facts for Count III, Plaintiff again refers the Court to the "Habeas Corpus 'Great Writ' provided," as well as an affidavit in support of his motion in state court to recuse Judge Myers and the Journal Entry of Judgement. *Id.* The Court has not located the referenced affidavit in Plaintiff's attachments. As relief, Plaintiff seeks his immediate release; the reversal of all prior criminal convictions, monetary damages, and ownership of 40 acres of his choosing within the State of Kansas. *Id.* at 5.

## II.    Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from

conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.     Discussion

### A.  Rule 8

Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

> "[A]ll that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513 (2002).

*Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

Even liberally construing the pro se complaint and the attachments thereto, the Court cannot determine the precise basis of the claims alleged therein. The portions of the form for identifying Count I, Count II, and Count III contain multiple general assertions of constitutional and statutory violations, without indication of the particular events on which each count is based. Rather, Plaintiff directs the Court to attached documents to learn the facts on which each Count is based. But "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." *See Chavez*, 195 Fed. App'x. at 730. The 55 pages attached to the complaint are neither clearly organized nor clearly labeled to indicate which facts therein support which counts.

"To state a claim, a complaint 'must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins*, 519 F.3d at 1250). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Even when liberally construed, the pro se complaint in this matter fails to do so. Thus, the complaint would not give opposing parties fair notice of the basis of the claim or claims against them and it fails to comply with Rule 8.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint in its entirety. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the defendants, claims, and supporting facts for each Count Plaintiff wishes to allege in this matter. In the interest

of efficiency, the Court will identify additional deficiencies in the complaint now before it so that Plaintiff may ensure that those deficiencies are cured in any amended complaint he may choose to file.

**B.  Defendants**

In addition to the Rule 8 violation discussed above, this matter is subject to dismissal because the only two Defendants named are either improper defendants to a § 1983 action or immune from liability.

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a general jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).

For § 1983 purposes, a state official is the state itself when sued in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A state officer sued in his or her official capacity also enjoys this protection. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted).

The bar also applies when the entity is an arm or instrumentality of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). In determining whether an entity is an instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth Circuit has established a two-part inquiry, requiring an examination of: (1) "the degree of

autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing." *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." *Id.* (citations omitted).

Plaintiff names as a defendant in this matter the District Court of Wyandotte County, Kansas. Kansas state law clearly characterizes the district courts as arms of the state government— part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. Thus, generally speaking, the Eleventh Amendment bars suit against the District Court of Wyandotte County. There are three exceptions to state immunity under the Eleventh Amendment:  (1) when the State consents to suit, meaning it waives immunity; (2) when Congress properly abrogates the immunity through legislation; and (3) when there are ongoing violations of federal relief and the plaintiff seeks only prospective injunctive relief. *See Frank v. Lee*, 84 F.4th 1119, 1130-31 (10th Cir. 2023); *Umholtz v. Kan. Dept. of Soc. and Rehabilitation Servs.*, 926 F. Supp. 2d 1222, 1227 (D. Kan. 2013).

Nothing in the complaint now before the Court suggests that the State has consented to Plaintiff suing the District Court of Wyandotte County. In addition, it is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized

that an action cannot be brought in federal court against a state or its agencies.") (citation omitted). And Plaintiff seeks money damages in this suit.[2] (Doc. 1, p. 5.) Thus, none of the three exceptions to Eleventh Amendment immunity seem to apply here, which means that the District Court of Wyandotte County is subject to dismissal from this action.

Plaintiff also names as a defendant state District Judge Jennifer L. Myers. District and appellate court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004); *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred). State officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will*, 491 U.S. at 71. Thus, any claims against Judge Myers in her official capacity in this action are subject to dismissal.

Additionally, even if Plaintiff sues the judge in her individual capacity, she is entitled to judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Even liberally construing the complaint and attachment thereto, to the extent that Plaintiff's allegations involving Judge Myers can be deciphered, they involve only actions she took in her judicial capacity and Plaintiff does not allege that she acted in the clear absence of all jurisdiction. Thus, Judge Myers is subject

---

[2] Plaintiff also seeks his release and reversal of his convictions, but such relief is not available in a 42 U.S.C. § 1983 action, as discussed more below.

to dismissal from this action. Because both of the named Defendants to this action are subject to dismissal, the entire case is subject to dismissal for failure to state a claim on which relief can be granted.

### C.  Additional Problems

#### 1. *Heck* and *Younger*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court "held that prisoners may not bring a § 1983 action that calls into question the lawfulness of their conviction until the conviction has been invalidated." *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020). Plaintiff appears to base his claims in this case on conduct that led to his convictions. A ruling in Plaintiff's favor would necessarily call into question the lawfulness of his convictions, as would any order of this Court that those convictions be vacated and Plaintiff be released. But Plaintiff has not alleged that his convictions have been invalidated and it appears from the information now before this Court that he may currently be pursuing a direct appeal related to those convictions. Thus, his claims are barred by *Heck*.

Because Plaintiff seeks an order vacating his convictions and directing his immediate release and he alleges constitutional violations in his criminal proceedings, the Court could liberally construe this matter as one seeking federal habeas relief. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). But the Court declines to so construe this matter because it would be required to abstain from considering the merits of a federal habeas petition from Plaintiff at this time.

In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the United States Supreme Court instructed

that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." The Tenth Circuit has instructed that "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

"The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. Appx. at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff's state-court direct appeal is ongoing, and the State of Kansas has an important interest in prosecuting crimes that violate Kansas laws. Moreover, the state courts provide Plaintiff the opportunity to present his constitutional challenges, whether in district court or, if necessary, on appeal or in other postconviction proceedings. Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999). Plaintiff has not done so in this action. Thus, if

the Court construes this matter as seeking federal habeas relief, *Younger* will require the Court to abstain from deciding it and the case is subject to dismissal.

### 2. Relief Requested

As relief in this matter, Plaintiff seeks an order vacating his convictions and directing his immediate release. (Doc. 1, p. 5.) Such relief is unavailable in a § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser*, 411 U.S. at 499; *Boutwell*, 399 F.3d at 1209.

Plaintiff also seeks money damages. (Doc. 1, p. 5.) The Prison Litigation Reform Act (PLRA) provides in part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes is "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). This statute applies regardless of the nature of the underlying substantive violation asserted. *Id.* Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. Because Plaintiff has not alleged physical injury or the commission of a sexual act, he is barred by 42 U.S.C. § 1997e(e) from obtaining compensatory damages in this matter.

Nominal and punitive damages, however, are not barred by § 1997e(e). *Searles*, 251 F.3d at 879. Liberally construed, Plaintiff's request for money damages could be a request for punitive damages, which are available in a § 1983 lawsuit. However, punitive damages "are available only

for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). The factual allegations included in the complaint do not support a claim that any of the violations alleged therein were motivated by the required intent or indifference to Plaintiff's federally protected rights. Accordingly, Plaintiff has not shown entitlement to punitive damages.

"'Nominal damages are damages in name only, trivial sums such as six cents or $1" that do not purport to compensate for past wrongs" and "are symbolic only." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004) (citation omitted). Plaintiff seeks money damages in the amount of $100,000,000.00. The amount alone prevents the Court from construing this as a request for nominal damages.

### D. Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (25-3098) at the top of the first page of his amended complaint. He must name only defendants who may be sued under § 1983 and he must

allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation. Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the information requested therein.

If Plaintiff chooses to submit an amended complaint in this matter, he must set forth, in the amended complaint itself, a short and plain statement of each claim that will give opposing parties fair notice of the basis of the claim against them and will allow the Court to effectively conduct the statutorily required screening. Plaintiff may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which facts support Count I, Count II, Count III, etc. Legal claims that are not designated as Counts may not be considered as a basis for any request for relief.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary. Plaintiff is further reminded that he must comply with the notice of deficiency (Doc. 3) on or before January 15, 2025.

### E.  Motion to Appoint Counsel (Doc. 3)

With his complaint and motion for leave to proceed in forma pauperis, Plaintiff filed a motion to appoint counsel. (Doc. 3.) In the motion, Plaintiff identified multiple attorneys and legal organizations he has contacted or consulted with regarding legal representation. *Id.* at 2-3. He also informs the Court that his 16-year-old son was killed, leaving Plaintiff "emotionally compromised"

and grieving. *Id.* at 3.

As the motion acknowledges, there is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim against a proper defendant; (2) the issues are not yet clarified and may not be complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **July 7, 2025**, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. If

Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 5th day of June, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge