IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PIERRE QUARAN HAMILTON,**

    **Plaintiff,**

    v.                                                       CASE NO. 25-3098-JWL

**WYANDOTTE COUNTY DISTRICT COURT, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Pierre Quaran Hamilton brought this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 1.) He proceeds in forma pauperis. (Doc. 4.) This matter comes now before the Court on Plaintiff's amended complaint, filed June 11, 2025. (Doc. 6.) For the reasons set forth in this order, this matter will be dismissed because the amended complaint fails to comply with Rule 8 and therefore fails to state a claim on which relief can be granted.

## I. Background[1]

On October 5, 2022, Plaintiff attended a hearing in small claims court in Wyandotte County, Kansas. As he was exiting the courthouse, Lonnie Davis—the opposing party in the small claims case—threatened Plaintiff "in a very low voice." (Doc. 6, p. 2.) Court Security Officer Leslee N. Nix heard the comment but took no action. *Id.* A physical altercation involving Plaintiff and Mr. Davis then occurred.

---

[1] The information set forth in this section is not intended to constitute findings of fact that have legal effect. Rather, it is an attempt by this Court to provide context for Plaintiff's current case by liberally construing and taking as true the facts alleged in the amended complaint, by taking judicial notice of the available online records of the Wyandotte County District Court and the Kansas Appellate Courts, and by taking judicial notice of the records of a previous § 1983 action Plaintiff filed in this Court, *Hamilton v. State of Kansas*, Case No. 24-3037-JWL.

1

As a result of the events of that day, Plaintiff was arrested and criminally charged in Wyandotte County District Court, in case number 2022-CR-001105. He eventually entered no contest pleas to and was convicted of one count of second-degree murder and one count of mistreatment of a dependent adult. *See* Online Records of Wyandotte County District Court, Case No. 2022-CR-001105. The Wyandotte County District Court ultimately sentenced Plaintiff to a lengthy term of imprisonment. Plaintiff filed a notice of appeal and docketed his appeal[2] in the Kansas Court of Appeals. *See* Online Records of the Kansas Appellate Courts, Appeal No. 128,201. Plaintiff began the civil rights action now before this Court by filing a complaint on May 21, 2025. (Doc. 1.)

**II. The Initial Complaint (Doc. 1)**

In his initial complaint, Plaintiff named as Defendants the District Court of Wyandotte County, Kansas and Wyandotte County District Judge Jennifer L. Myers, who presided over Plaintiff's criminal proceedings. (Doc. 1, p. 1-2); Online Records of Wyandotte County District Court, Case No. 2022-CR-001105.   In the section of the complaint for stating the background of the case, Plaintiff wrote: "Gross Negligence [and] Criminal Negligence, Strict Liability Violation, Unlawful arrest, false [and/]or wrongful imprisonment, Legal Process/Due Process Violations; Fourth, Fifth, Sixth, Eighth [and] Fourteenth Amend. Violations, Fair Trial Rights Violation, Habeas Corpus Great Writ Violations [and] Failure to Recuse Violations." *Id.* at 2. The complaint did not clearly set forth the factual background to this case.

Count I asserted that Plaintiff's Sixth Amendment right to the effective assistance of counsel was violated. (Doc. 1, p. 3.) In the section of the form complaint for stating the facts that

---

[2] On June 16, 2025, Plaintiff notified this Court that he has voluntarily dismissed his state appeal (Doc. 9), although the online records of the Kansas Appellate Courts do not reflect that his appeal has been dismissed as of the date of this order.

support Count I, Plaintiff wrote: "See; Habeas Corpus 'Great Writ' provided [and/]or copy of Habeas Corpus 'Great Writ' issues/arguments are 'clearly [and] unequivocally' w[ith] supporting doc's are my supporting facts . . . I have a right to choose/dismiss attorneys. *Note* I am arguing any [and] all constitutional violations in 'Habeas Corpus.'" *Id.* (all errors, ellipses, and asterisks in original). Attached to the complaint were 55 pages of documents, most of which were not obviously relevant to this matter. (Doc. 1-1.) Although the attachments included a motion asking the state district court "for an order of Enforcement of Habeas Corpus 'Great Writ' Motion [and] Petition/Application submitted on 3-18-24," a motion for habeas corpus relief was not included. (*See* Doc. 1-1, p. 10.)

Count II alleged the violation of Plaintiff's Fifth Amendment right to not be compelled to bear witness against himself and his right to due process. (Doc. 1, p. 3.) As the supporting facts for Count II, Plaintiff stated: "In Habeas Corpus 'Great Writ' provided theres supporting docs. of (Ordering Restricting Request) by Hon. Myers showing 22 letters used to bare witness against myself. See Habeas Corpus Great Writ provided [and] 'Motion of Limine.'" *Id.* (all errors in original).[3]

Count III alleged the violation of Plaintiff's rights under the Fourteenth Amendment and the Fourth Amendment, as seen by his allegedly false and/or wrongful arrest and imprisonment, a denial of due process, and a denial of the rights to a fair trial and a fair and impartial judge. *Id.* at 4. As supporting facts for Count III, Plaintiff again refers the Court to the "Habeas Corpus 'Great Writ' provided," as well as to an affidavit that similarly was not included in the attachments to the

---

[3] The reference to "22 letters" appeared to refer to an unlabeled excerpt from an order issued by Judge Myers on August 14, 2023 in Plaintiff's criminal case. (Doc. 1-1, p. 18.) When read in full, the order noted that in the preceding 6 months, Plaintiff had sent 12 requests for [Registers of Actions, also known as] ROA's to the Wyandotte County District Court clerk's office and had sent 22 "correspondences to the court discussing his case." The order found that Plaintiff's requests had become an abuse of the court and it imposed filing restrictions on future requests for the ROA of the criminal case. *See id.* at 27.

3

complaint. As relief, Plaintiff sought his immediate release; the reversal of all prior criminal convictions, monetary damages, and ownership of 40 acres of his choosing within the State of Kansas. *Id.* at 5.

### III. Screening Standards

Because Plaintiff is a prisoner, the Court was required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

4

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## IV. The June 5, 2025 Memorandum and Order (Doc. 5)

The Court screened the complaint and, on June 5, 2025, issued a memorandum and order (M&O) explaining that the complaint was subject to dismissal because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 5, p. 5-6.) Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." *Id.* at 5. It exists to ensure that complaints "'give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint.'" *Id.* (quoting *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998)). Compliance with Rule 8 is necessary "to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the [plaintiff] has a legal right to relief.'" *Id.*

Specifically, the M&O held that "[e]ven liberally construing the pro se complaint and the attachments thereto, the Court cannot determine the precise basis of the claims alleged therein." *Id.* at 6. The complaint also failed to identify specific actions taken by particular defendants that formed the basis for Plaintiff's claims and therefore failed to give opposing parties fair notice of the claim or claims against them. *Id.* Although the Court may dismiss a complaint that does not

5

comply with Rule 8, the Court instead granted Plaintiff time in which to submit a complete and proper amended complaint that complies with Rule 8. *Id.*

In the interest of efficiency, the M&O also identified additional deficiencies in the initial complaint "so that Plaintiff may ensure that those deficiencies are cured in any amended complaint he may choose to file." *Id.* at 6-7. First, the M&O explained that both defendants named in the initial complaint were either improper defendants to a § 1983 action or were immune from civil liability. *Id.* at 7-10. Second, the M&O explained that consideration of the constitutionality of the state-court criminal proceedings against Plaintiff appears barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 5, p. 10-12.)

Third, the M&O pointed out that an order vacating Plaintiff's convictions and directing his release is not relief available in a § 1983 action such as this one and the complaint did not make the showing required by 42 U.S.C. § 1997e(e) to seek compensatory damages. (Doc. 5, p. 12.) The Court granted Plaintiff time in which to submit an amended complaint "that cures all the deficiencies discussed herein" and stated that "[i]f Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary. *Id.* at 13.

## V. The Amended Complaint (Doc. 6)

Plaintiff promptly filed his amended complaint (Doc. 6), which is now before the Court for the statutorily required screening. In the amended complaint, Plaintiff names as Defendants the Unified Government of Kansas City, Kansas; the Wyandotte County Sheriff's Department; and Court Security Officers Leslee N. Nix and L. Loney. *Id.* at 1-3. Plaintiff sues Defendants Nix and Loney in both their individual and official capacities. *Id.* at 3. As Count I of the amended complaint, Plaintiff asserts a "Fourteenth Amend[ment] Violation [and] denial of [his] immunities

'K.S.A. 21[-]5231'" as well as the violation of the "Equal Protection of Laws." *Id.* at 6. In the space for providing the facts supporting Count I, Plaintiff asserts that Defendant Nix was an eyewitness to his altercation with Mr. Davis and that she heard the allegedly provocative statement made by Mr. Davis but she failed to act on Plaintiff's behalf. *Id.*

As Count II, the amended complaint asserts a Fourth Amendment violation. *Id.* Liberally construed, Count II seeks redress for false arrest and false imprisonment based on Plaintiff's belief that he should not have been seized after the fight that led to his criminal charges. Count III in the amended complaint asserts that Plaintiff's Fifth Amendment rights were violated by the malicious prosecution of him, which led to his "malicious conviction." *Id.* at 7. In an attached page, Plaintiff also makes allegations that his Fourteenth Amendment procedural due process rights have been violated because he has been imprisoned by the state "by legal but wrongful process." *Id.* at 8. He does not further explain what he means by this statement. As relief, Plaintiff seeks $50,000,000.00 for pain and suffering; restitution; the reversal of the state convictions; an entry of acquittal to those charges; an order for his immediate release; and clear title to 40 acres of land within the State of Kansas. *Id.* at 9. Plaintiff also filed a separate request for punitive damages in the amount of $50,000,000.00. (Doc. 7.)

## VI. Analysis

Even liberally construing the amended complaint and taking all facts alleged therein as true, the amended complaint fails to comply with Rule 8. Put another way, the facts alleged in the amended complaint do not make clear exactly who has done what to whom. (*See* Doc. 5, p. 6.) It remains unclear how Defendant Nix violated Plaintiff's Fourteenth Amendment rights, as alleged in Count I. Although the amended complaint asserts that Defendant Nix was an eyewitness to the October 2022 incident, that she heard the allegedly provocative comment by Mr. Davis, and that

she failed to act, its does not explain how these circumstances amount to a violation of rights guaranteed by the Fourteenth Amendment.[4] *See id.*

In Count II, the amended complaint fails to identify which Defendant or Defendants violated Plaintiff's Fourth Amendment rights or the events that Plaintiff believes violated his Fourth Amendment rights. Count III similarly does not identify a particular Defendant or Defendants who violated Plaintiff's Fifth Amendment right or the events that Plaintiff believes violated his Fifth Amendment rights. As Plaintiff is aware, "'conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.'" (Doc. 5, p. 4 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *see also Hamilton v. Kansas*, Case No. 24-3037-JWL, 2024 WL 1834354, *2 (D. Kan. April 26, 2024) (unpublished) (same). Simply asserting the constitutional violation occurred without explaining who committed it and how is not enough.

**VII. Conclusion**

The Court has carefully reviewed the amended complaint, liberally construing it and taking all facts alleged therein as true. Even doing so, the Court finds that the amended complaint, like the initial complaint, fails to comply with Rule 8. Because Plaintiff has already been given a chance to cure his failure to comply with Rule 8 and has not done so, the Court declines to afford Plaintiff an additional opportunity to amend. This matter will be dismissed for failure to state a claim on which relief can be granted. *See Rich v. Stephens Cnty.*, 2024 WL 4556391, *2 (10th Cir. Oct. 23, 2024) (unpublished) ("When the district court offers an opportunity for plaintiff to amend an

---

[4] The Court notes that in Plaintiff's previous case, this Court similarly explained that "referenc[ing] the Fourteenth Amendment, claiming gross negligence, without an explanation as to how this violates his constitutional rights" was not sufficient to state a claim for relief. *See Hamilton v. Kansas*, Case No. 24-3037-JWL, 2024 WL 1834354, *3 (D. Kan. April 26, 2024) (unpublished).

unintelligible complaint to comply with Rule 8(a) and the plaintiff still fails to do so in the amended complaint, the district court dismisses for failure to state a claim.").

**VIII. Motion to Appoint Counsel**

Also before the Court is Plaintiff's second motion to appoint counsel. (Doc. 8.) Plaintiff's first motion to appoint counsel (Doc. 3) was denied "without prejudice to refiling if the material circumstances change." (Doc. 5, p. 15). The Court has reviewed the second motion to appoint counsel (Doc. 8) and finds that the material circumstances have not changed, nor has Plaintiff shown that there is sufficient merit to his claims to warrant appointment of counsel. Thus, the motion to appoint counsel will be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to appoint counsel (Doc. 8) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT** that this matter is dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

Dated June 17, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE