IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

    **Plaintiff,**

v.                                                     CASE NO. 25-3098-JWL

WYANDOTTE COUNTY DISTRICT COURT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Pierre Quaran Hamilton brought this pro se civil rights action under 42 U.S.C. § 1983, which was dismissed on June 17, 2025. (Docs. 1 and 10.) Judgment was entered the same day. (Doc. 11.) This matter comes now before the Court on Plaintiff's "M&O Compliance w[ith] Stating Claims" (Doc. 16), his motion for reconsideration of the dismissal (Doc. 17), and a letter to the Court (Doc. 18). For the reasons explained below, the motion will be denied.

**I. Background**

After Plaintiff paid the required initial partial filing fee, the Court screened his complaint as required by 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B). (*See* Doc. 5, p. 4.) On June 5, 2025, the Court issued a memorandum and order (M&O) identifying deficiencies in the complaint that left it subject to dismissal in its entirety and granting Plaintiff to and including July 7, 2025 in which to file a complete and proper amended complaint that cured the deficiencies. *Id.* at 5-16. Specifically, the M&O concluded that the initial complaint failed to comply with Rule 8 of the Federal Rules of civil procedure and named only improper or immune Defendants; his claims appeared barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Younger v. Harris*, 401

1

U.S. 37 (1971); he sought relief not available in an action under 42 U.S.C. § 1983; and he did not make the showing required by 42 U.S.C. § 1997e(e) for seeking money damages. *Id.* at 5-13.

Plaintiff promptly filed an amended complaint (Doc. 6) and the Court conducted the statutorily required screening of the amended complaint. On June 17, 2025, the Court issued a second M&O explaining that the amended complaint also failed to comply with Rule 8. (Doc. 10, p. 7-8.) Moreover, because Plaintiff had failed to cure a deficiency that had been identified in the first M&O, the Court declined to grant Plaintiff additional opportunities to amend his complaint. *Id.* at 8-9. Thus, this matter was dismissed for failure to state a claim on which relief can be granted. Judgment was entered the same day. (Doc. 11.)

On June 20, 2025, Plaintiff filed a 43-page document titled "Corrected [and] Amended 1983 Memorandum [and] Order; Reply w[ith] Compliance." (Doc. 12.) The Court reviewed the submission and, on June 23, 2025, entered an order noting that there was no indication the documents were submitted for e-filing prior to entry of judgment in this matter and, even liberally construed, the documents did not seek reconsideration of the dismissal, so no further action would be taken on them. (Doc. 13.) Later that day, Plaintiff filed a 40-page document titled "Memorandum [and] Order; Comply [and] Reply 'Continued.'" (Doc. 14.) The Court carefully reviewed and liberally construed the submission and, on June 24, 2025, entered an order declining to take action on it since it did not seek reconsideration of the dismissal. (Doc. 15.)

On June 25, 2025, Plaintiff filed a document titled "M[&]O Compliance with Stating Claim" (Doc. 16) and a motion for reconsideration of the dismissal (Doc. 17). The following day, Plaintiff filed a letter to the Court. (Doc. 18.) These are the filings now before this Court. The motion for reconsideration explains that Plaintiff wishes to name as Defendants in this action the Unified Government of Kansas City, the Wyandotte County Sheriff's Department, and Officer

Leslee Nix. (Doc. 17, p. 1.) Plaintiff further explains that his experience with the state district court judge who presided over his related state criminal proceedings left him afraid to address the Court. *Id.* Plaintiff also points out that the first M&O granted him until July 7, 2025 to cure the deficiencies in the initial complaint and he asks the Court to honor this date. *Id.* at 1-2. Finally, Plaintiff clarifies his understanding of which claims in this case have been dismissed and he acknowledges the resources expended by the Court in considering his filings. *Id.* at 3.

The letter to the Court filed the day after the motion for reconsideration explains that "after re-reading" the June 17, 2025 M&O, Plaintiff realized that the Court was "asking for the 'Meat [and] Potato[e]s" of his claim against Officer Nix. (Doc. 18, p. 1.) Plaintiff then provides an explanation of this claim and the facts he believes support it. *Id.* at 1-3.

## II. Discussion

### A. The July 7, 2025 Deadline

As noted above, Plaintiff asserts that he was granted to and including July 7, 2025 in which to cure the deficiencies identified in his initial complaint. More precisely, the June 5, 2025 M&O stated:

> For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachments thereto.
>
> Plaintiff must write the number of this case (25-3098) at the top of the first page of his amended complaint. He must name only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he

3

> must identify the specific facts that support each alleged violation. Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the information requested therein.
>
> If Plaintiff chooses to submit an amended complaint in this matter, he must set forth, in the amended complaint itself, a short and plain statement of each claim that will give opposing parties fair notice of the basis of the claim against them and will allow the Court to effectively conduct the statutorily required screening. Plaintiff may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which facts support Count I, Count II, Count III, etc. Legal claims that are not designated as Counts may not be considered as a basis for any request for relief.
>
> If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

(Doc. 5, p. 13-14.)

Later in that M&O, the Court ordered:

> Plaintiff is granted to and including July 7, 2025, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

*Id.* at 15-16.

This language makes clear that Plaintiff was granted time in which to file "a *complete* and proper amended complaint" that cured the deficiencies. He was not granted time in which to file an amended complaint and then to supplement that amended complaint multiple times through filings made before July 7, 2025. The M&O plainly stated that "[t]he amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action." This language neither anticipates nor authorizes piecemeal filings, nor does it permit Plaintiff to submit multiple filings that will be considered together to constitute an amended complaint. Even in light of Plaintiff's pro se status, the Court cannot agree with an interpretation to that effect. Plaintiff was

given time to file an amended complaint and, after he did so, the Court conducted the statutorily required review of the amended complaint and issued further orders, as Plaintiff was advised in the June 5, 2025 M&O. The Court was not required to wait until the July 7, 2025 deadline elapsed before screening the amended complaint Plaintiff filed on June 11, 2025.

### B. Motion for Reconsideration (Doc. 17)

Although Plaintiff asks the Court to reconsider dismissing this matter, he provides no legal authority for the Court to do so. (Doc. 17.) Because Plaintiff's motion was filed within 28 days after the entry of judgment in this matter, the Court will treat it as a motion under Federal Rule of Civil Procedure 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id.* at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d

473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Even liberally construing the motion for reconsideration and the letter in support thereof, Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. Rather, Plaintiff alleges facts that could have been included in his amended complaint and explains that he only recently understood the Court's orders regarding the deficiencies in his complaint and amended complaint. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In other words, Plaintiff has failed to meet the standard required for this Court to alter or amend its June 17, 2025 memorandum and order dismissing this case or the judgment entered the same day. The motion for reconsideration (Doc. 17) will be denied.

### C. Clarification of Dismissal

Liberally construing the documents now before the Court, Plaintiff appears to seek clarification on which portions of this case have been dismissed. For example, he states in one filing that he believes this case "has been (closed) in part [*sic*]" and he lists certain claims in the case that he believes remain "active." (Doc. 17, p. 3.) Plaintiff is hereby advised that this matter was dismissed in its entirety on June 17, 2025 because "[e]ven liberally construing the amended complaint and taking all facts alleged therein as true, the amended complaint fails to comply with Rule 8." (Doc. 10, p. 7.) All claims against all parties were dismissed. No part of this case remains open.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for reconsideration (Doc. 17) is **denied**. This case will remain closed.

**IT IS SO ORDERED**.

**Dated July 2, 2025, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**